TODD BLANCHE
Deputy Attorney General
BILAL ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
Room 7516, Federal Building
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-3997
Email: elan.levey@usdoj.gov

Attorneys for Defendant, United States Department of Education

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ROBERTO SANCHEZ,<br><br>Debtor. | Case No. 2:25-bk-11246-DS<br><br>Chapter 7 |
| ROBERTO SANCHEZ,<br><br>Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendant. | Adv. No. 2:25-ap-01052-DS<br><br>**STIPULATION FOR ENTRY OF JUDGMENT**<br><br>[Filed concurrently with separately lodged Judgment and Order]<br><br><u>Status Conference</u>:<br>Date: April 21, 2026<br>Time: 1:00 p.m.<br>Place: Courtroom 1639<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

IT IS HEREBY STIPULATED by and between plaintiff Roberto Sanchez ("Plaintiff") and Defendant United States Department of Education ("Education"), through their respective counsel of record (together, the "Parties"), with reference to the following facts and subject to Bankruptcy Court approval:

**RECITALS**

A. On February 19, 2025, Plaintiff commenced a voluntary petition for Chapter 7 relief under the U.S. Bankruptcy Code, bearing Case No. 2:25-bk-11246-DS ("Bankruptcy Case"). On June 2, 2025, this Court entered an Order of Discharge in Plaintiff's Bankruptcy Case under 11 U.S.C. Section 727 (Docket No. 12) ("Discharge Order").

B. On or about March 7, 2025, Plaintiff filed a complaint for the determination of dischargeability of student loan debt, pursuant to 11 U.S.C. Section 523(a)(8) (Docket No. 1) ("Complaint"), commencing the subject adversary proceeding against Defendant ("Adversary Proceeding").

C. On April 9, 2025, Defendant timely filed an Answer to the Complaint after Plaintiff accomplished proper service upon it (Docket No. 4). A status conference in the Adversary Proceeding is currently scheduled for April 21, 2026 at 1:00 p.m.

D. Pre-petition, Plaintiff obtained Federal Direct Consolidated and Stafford Loans ("Student Loans") from Education. From on or about August 14, 2012, August 16, 2019 and August 18, 2021, on Plaintiff's behalf, Education disbursed proceeds of the Student Loans in the outstanding principal amounts of $8,225.00, $16,387.00, $5,500.00 and $5,500.00, at various fixed interest rates per annum, respectively. The Student Loans are reflected as Loan Numbers 6 -9 on Federal Student Aid's National Student Loan Data System ("NSLDS") loan summary.

E. The Student Loans constitute student loans made to or on behalf of Plaintiff under a program funded in whole or in part by a federal governmental unit within the meaning of 11 U.S.C. § 523(a)(8). Education currently holds all right, title and interest in the Student Loans.

F. The unpaid balance of the Student Loans is approximately $45,020.53, consisting of unpaid principal of $37,030.63 and accrued interest of $7,989.90. Interest on the Student Loans continues to accrue.

G. Plaintiff alleges that repayment of the Student Loans would be an undue hardship pursuant to 11 U.S.C. § 523(a)(8). In that regard, Plaintiff has completed the U.S. Department of Justice Guidance Regarding Student Loan Bankruptcy Litigation and Attestation Form process. After reviewing the Attestation Form and other documentation and information provided by Plaintiff under penalty of perjury, Education agrees that Plaintiff satisfies the criteria for discharge based upon an "undue hardship" under 11 U.S.C. § 523(a)(8).

H. Specifically, Education agrees that: (1) Plaintiff has attested to facts supporting the conclusion that Plaintiff has a present inability to maintain a minimal standard of living for herself if required to repay the Student Loans; (2) Plaintiff has attested to facts supporting the conclusion that Plaintiff has the inability to repay the Student Loans while maintaining a minimal standard of living is likely to persist for a significant portion of the repayment period; and (3) Plaintiff has attested to facts supporting the conclusion that Plaintiff has demonstrated a good faith effort to repay the Student Loans. Education thus recommends to the Court that a finding of undue hardship is appropriate and requests that the Court discharge the Student Loans pursuant to 11 U.S.C. § 523(a)(8).

I. Based thereon, in order to resolve this matter without the need for further litigation, the Parties have agreed to resolve the issues raised between them in the Adversary Proceeding through the discharge of the Student Loans on the terms and conditions set forth herein and further agree that such resolution is appropriate under the circumstances set forth below.

## STIPULATION

1. Each of the Recitals set forth above is hereby incorporated into the Stipulation by this reference.

2. Plaintiff's Student Loans are dischargeable as an undue hardship, pursuant to 11 U.S.C. § 523(a)(8).

3. The Discharge Order entered in favor of Plaintiff in the Bankruptcy Case shall include the discharge of Plaintiff's Student Loans.

///

///

4. Upon the entry of a final Judgment, the terms of the Stipulation shall be deemed approved. Further, Education shall adjust Plaintiff's Student Loans to reflect a $0.00 balance and Education shall permanently write-off such debt pursuant to the Judgment.

5. Upon entry of the Judgment and Order approving this Stipulation, Plaintiff releases, remises and forever discharge Education, its agencies, agents, officers, employees and counsel, past and present, from all claims or causes of action (including administrative claims) which Plaintiff, Plaintiff's heirs, agents, assigns, representatives, and successors ever had, now have or hereafter may have against Education, its agencies, agents, officers, employees and counsel, past and present, in relation to the discharge of the Student Loans, all except for obligations arising under this Stipulation, Judgment and Order.

6. The terms of this Stipulation shall survive and be effective in any future bankruptcy filing under any chapter of the United States Bankruptcy Code by Plaintiff.

7. Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiff. Education does not warrant any representation of any tax consequences of this Stipulation. Nothing contained herein shall a constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulation and/or any cancellation of debt resulting from forgiveness of any balance due on the Student Loans.

8. If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

9. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all Parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

10. This written agreement contains all of the agreements between the Parties and is intended to be and is the final and sole agreement between the Parties. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this agreement must be in writing and must be signed and executed by the Parties.

11. The Stipulation shall be binding upon any successors of Education or assignees of the Student Loans.

12. Plaintiff agrees to accept the terms set forth in this Stipulation in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of any kind and nature whatsoever, arising from the same subject matter that gave rise to the Adversary Proceeding, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

13. The Parties to this Stipulation represent and warrant that they have reviewed and understand its terms and contents. The Parties to this Stipulation further represent and warrant that each has the power to execute, deliver, and perform this Stipulation agreement; that each has taken all necessary action to authorize the execution, delivery, and performance of this Stipulation agreement; and that this Stipulation is enforceable in accordance with its terms.

14. The Parties hereby acknowledge and agree that they have been represented by, or had the opportunity to seek representation by, independent counsel of their own choice throughout all negotiations that preceded the execution of this Stipulation.

15. Plaintiff represents and acknowledges that he enters into this Stipulation freely and voluntarily. Plaintiff further acknowledges that he had sufficient opportunity to consult with an attorney regarding the terms and conditions of this Stipulation.

16. This Stipulation pertains only to the specific loans that comprise the Student Loans and does not address, modify, or impact Plaintiff's obligations or agreements regarding any other student loan(s).

17. It is contemplated that this Stipulation may be executed in several counterparts with a separate signature page for each party. All such counterparts and signature pages, collectively, shall be deemed to be one document.

18. The Parties certify that they have read and fully understand its terms.

///

///

///

19. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Stipulation.

20. The Parties agree to bear their own attorney's fees and costs in connection with the Adversary Proceeding.

Dated: January 23, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax and Bankruptcy Section

Elan S. Levey
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Education

Dated: *01/27/2026*

LAW OFFICE OF SEVAN GORGINIAN

SEVAN GORGINIAN
Attorneys for Plaintiff

PROOF OF SERVICE OF DOCUMENT

I am of the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 N. Los Angeles Street, Room 7211, Los Angeles, CA 90012

A true and correct copy STIPULATION FOR ENTRY OF JUDGMENT be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/27/26, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Howard M Ehrenberg (TR) ehrenbergtrustee@gmlaw.com,
ca25@ecfcbis.com;C123@ecfcbis.com;howard.ehrenberg@ecf.courtdrive.com;Karen.Files@gmlaw.com
Sevan Gorginian sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
Elan S Levey elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On 1/27/26, I served the following persons and/or entities at the last known addresses in this bankruptcy se or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/27/26, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| *1/27/26* | *Maria Luisa Parcon______* | *_/s/ Maria Luisa Parcon______* |
| *Date* | *Printed Name* | *Signature5* |